IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**HAGOP GARABEDIAN,**

        Petitioner,

v.                                      **CIVIL ACTION NO. 5:23-CV-47**
                                                    Judge Bailey

**R. BROWN,**

        Respondent.

**ORDER GRANTING MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT**

Pending before this Court is respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 12] and accompanying Memorandum in Support [Doc. 13], filed on June 20, 2023. On June 21, 2023, United States Magistrate Judge James P. Mazzone issued a ***Roseboro*** Order to petitioner [Doc. 14] informing him of his obligation to respond to the Motion within twenty-one days from the date of the Order. Petitioner did not file responsive briefing within this time frame. Accordingly, this matter is ripe for adjudication. For the reasons contained herein, the Motion will be granted.

## BACKGROUND

Petitioner is an inmate who was previously designated by BOP to the Federal Correctional Institution ("FCI") in Gilmer, West Virginia, but was transferred to USP Thomson on May 23, 2023. [Doc. 13-1]. Petitioner is currently serving a 96-month sentence for drug trafficking offenses charged in the Eastern District of New York, criminal action number 17-CR-00217. His projected release date is June 26, 2025.

Petitioner filed the pending Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking time credits under the First Step Act ("FSA"). [Doc. 1]. Petitioner is not entitled to relief because his claims are not ripe for review, and he has been granted relief to the extent it is possible.[1]

## THE FIRST STEP ACT OF 2018

The FSA governs the calculation of federal prison sentences. Under the FSA, inmates are eligible to earn up to 10 days of time credits for every 30 days of successfully completed BOP-approved recidivism reduction programming. *See* 18 U.S.C. § 3632 (d)(4)(A)(I). Further, "[a] prisoner determined by the [BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 2632 (d)(4)(A)(ii). These time credits can be eligible, at the discretion of BOP, for various incentives and rewards for successful completion, including time credit applied toward time in prerelease custody or supervised release. 18 U.S.C. §§ 3632 (d)(1)–(4)(C).

On January 19, 2022, BOP published its "procedures regarding the earning and application of Time Credits as authorized by the First Step Act of 2018." *See FSA Time Credits*, Federal Register, available at https://www.federalregister.gov/documents/2022/01/19/2022-00918/fsa-time-credits (last visited Dec. 5, 2022). In accordance with the FSA, if the inmate has successfully participated in Evidence-Based Recidivism Reduction Programs ("EBRR") and Productive

---

[1]BOP records also demonstrate petitioner has not exhausted administrative remedies. *See* [Doc. 13-3].

2

Activities ("PAS") specifically approved by BOP, the time credits earned upon completion may not be applied to prerelease custody until:

- The amount of earned Time Credits is equal to the remainder of the inmate's imposed term of imprisonment;

- The inmate has demonstrated a reduced risk of recidivism or maintained a minimum or low recidivism risk during his or her term of imprisonment.

- The remainder of his/her imposed term of imprisonment has been computed under applicable law (e.g., Good Time Credit under 28 CFR Part 523 has been applied, eligibility for early release consideration under Residential Drug Abuse Treatment Program regulations in 28 CFR Part 550 has been evaluated, etc.); and

- The inmate has been determined to be at a minimum or low risk of recidivating based on his or her last two assessments, or has had a petition to be transferred to prerelease custody approved by the warden.

Id.; 28 C.F.R. § 523(c)(1) and § 541.

Similar requirements exist under the FSA for earned time credits to apply to supervised release. Time Credits may not be applied to supervised release under 18 U.S.C. § 3624(g) unless:

- The amount of earned Time Credits is equal to the remainder of the inmate's imposed term of imprisonment;

- The inmate's sentence includes a period of supervised release to be served after his or her term of imprisonment;

- The inmate's latest risk and needs assessment shows that he or she is at a minimum or low risk of recidivating; and

3

- The application of Time Credits would not result in starting the period of supervised release more than 12 months before he or she would otherwise be eligible to do so (*i.e.*, any amount of earned Time Credits in excess of 12 months would be applied to prerelease custody).

Id.

## LEGAL STANDARD

"A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way." **Newsome v. Williams**, 2016 WL 11431790, at *2 (N.D. W.Va. May 26, 2016) (Trumble, MJ), *report and recommendation adopted in* **Newsome v. Williams**, 2016 WL 4153615 (N.D. W.Va. Aug. 5, 2016) (Groh, CJ) (quoting **Laughlin v. Metro. Washington Airports Auth.**, 149 F.3d 253, 260 (4th Cir. 1998)).

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint or pleading. **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007). In assessing a motion to dismiss, a court may consider public records, "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice," or sources "whose accuracy cannot reasonably be questioned." **Katyle v. Penn National Gaming, Inc.**, 637 F.3d 462 (4th Cir. 2011). This includes documents filed in prior court proceedings. See **Walker v. Kelly**, 589 F.3d127 (4th Cir. 2009).

Federal Rule of Civil Procedure 12 states that "[i]f, on a motion under Rule 12(b)(6)

4

. . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." **Newsome v. Williams**, 2016 WL 11431790, *supra*, (quoting Fed. R. Civ. P. 12(d)). The Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." *Id.* (quoting **Sec'y of State for Defence v. Trimble Navigation Ltd.**, 484 F.3d 700, 705 (4th Cir. 2007) (citing **Blankenship v. Manchin**, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Rule 56(e) of the Federal Rules of Civil Procedure provides that "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must– by affidavits or as otherwise provided in this rule– set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

Rule 56 further provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact

because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323–25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

A *pro se* party's pleadings are generally construed more liberally and held to a less stringent standard than pleadings drafted by an attorney. See **Hughes v. Rowe**, 449 U.S. 5, 9 (1980). However, even under that deferential standard, this Court can "pierce the veil of a complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." **Neitzke v. Williams**, 490 U.S. 319, 327 (1989).

## DISCUSSION

I.   **Petitioner's Claims are Not Ripe**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." **Lewis v. Continental Bank Corp.**, 494 U.S. 472, 477 (1990). Article III has been interpreted to have tow individual components, standing and ripeness. **Scoggins v. Lee's Crossing Homeowners Ass'n**, 718 F.3d 262,

269 (4th Cir. 2013). "The issue of ripeness entails an analysis considering the fitness of the issues before the court, as well as the hardship that the parties will experience if the court withholds consideration of the dispute." *Id*. at 270 (citing ***Lansdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC***, 713 F.3d 187, 197–98 (4th Cir. 2013)). Ripeness "prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form." ***Miller v. Brown***, 462 F.3d 312, 319 (4th Cir. 2006) (citations and internal quotation marks omitted). The Supreme Court of the United States has explained that a "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." ***Texas v. United States***, 523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted); *see also* ***Bryant Woods Inn, Inc. v. Howard Cnty., Md.***, 124 F.3d 597, 602 (4th Cir. 1997) (in order to determine ripeness, the court must "decide whether the issue is substantially definitive enough to be fit for judicial decision and whether hardship will result from withholding court consideration").

The statute governing the release of an inmate with FSA time credits directs BOP to apply credits for a person who has earned them "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Although the Fourth Circuit has not ruled on the issue, federal courts throughout the United States of America have routinely read § 3624(g)(1)(A) to mean that "the BOP is permitted to apply time credits only once an inmate" has earned enough credits to "equal the remainder of her sentence." ***Lallave v. Martinez***, 2022 WL 2338896, at *11 (E.D. N.Y. June 29, 2022); ***Turner v. Heisner***, 2022 WL 2195348, at *3 (D. Ariz. May 16, 2022) ("FSA

earned time credits can be applied to prerelease custody or supervised release only when accumulated credits are equal to the remainder of the prison term."); ***Milchin v. Warden***, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (same); ***Mills v. Starr***, 2022 WL 4084178, at *4 (D. Minn. Aug. 17, 2022) (same). Therefore, the statute requires BOP to apply FSA credits when, and only when, an inmate has earned enough credits equal to the remainder of the imposed term of imprisonment.

Here, even if petitioner was entitled to the application of 365 days at this moment, it would not result in petitioner's immediate release from custody since his release date is June 26, 2025. Because 18 U.S.C. § 3624(g)(1)(A) provides–and the courts have consistently held–that FSA time credits can be applied only when the earned credits are equal to the remainder of the prison term, petitioner is not yet eligible for application of time credits under the FSA. Therefore, his petition is not ripe for review, and he has failed to establish an "immediate injury" that would be redressed by the relief that he seeks. See ***Ford v. Chapman***, 371 F.App'x 513, 514 (5th Cir. 2010) (finding that petitioner's release was not imminent and therefore he "failed to establish an 'immediate injury' that would be redressed by the relief that she seeks"). Accordingly, petitioner here is not entitled to the relief he seeks as to earned time credits.

## II. Petitioner has Received All Relief to the Extent it is Possible

The Constitution limits the jurisdiction of federal courts to the adjudication of actual cases or controversies. See U.S. Const. Art. III § 2. Generally speaking, a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome. ***Powell v. McCormack***, 395 U.S. 486, 496 (1969). To satisfy Article III of the

8

Constitution's case or controversy requirement, "a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." ***Iron Arrow Honor Soc'y v. Heckler***, 464 U.S. 67, 70 (1983). If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot. *See* ***Blanciak v. Allegheny Ludlum Corp***, 77 F.3d 690, 699 (3d Cir. 1996); *see also* ***Garcia v. Lawn***, 805 F.2d 1400, 1402 (9th Cir. 1986) (stating that "the test for mootness . . . is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor.").

Here, petitioner transferred to USP Thomson and, on June 7, 2023, Case Manager O'Sullivan reviewed his current offense and offense history. *See* [Doc. 13-2]. Upon review, it appeared petitioner had previously been designated as ineligible to earn FTC based on his offense. [Id.]. However, after conducting the review, Case Manager O'Sullivan determined this designation was in error, and he corrected petitioner's status in SENTRY to reflect that petitioner is eligible to earn FTC based on his offense of conviction. [Id.].

Again, petitioner's current release date is projected to be June 26, 2025, via good conduct time release. [Id.]. However, now that his FTC eligibility status has been updated, an automated review and calculation will occur in July that will determine how many FTCs have been earned and will be applied to petitioner's early release to supervised release. [Id.]. The maximum number of FTC that can be applied to early release is 365 days. [Id.]. Accordingly, the earliest possible date petitioner can be release is June 26, 2024. [Id.].

9

As stated above, even if petitioner is currently designated as eligible to earn FTC, many different things could affect petitioner's ability to earn and apply FTC. For example, if BOP receives a final order of removal from DHS, petitioner would not be able to earn FTC. Additionally, should petitioner receive an incident report, refuse to participate in programming, or refuse to participate in the inmate financial responsibility plan if required, he could become ineligible to apply FTC that has been earned. [Id.]. Accordingly, the corrected status is the only relief petitioner can receive as any release date calculated is not certain unless or until petitioner's earned FTC equals the number of days remaining on his sentence.

## CONCLUSION

Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 12**] is **GRANTED**. Petitioner's petition [**Doc. 1**] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Clerk is instructed to strike this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to petitioner, and to provide copies to all counsel of record herein.

DATED: July 17, 2023.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**